IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2007 AUG -7  PM 12:30
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
     DEPUTY

| | |
|---|---|
| MESSAGEONE INC. | § |
| Plaintiff, | § § § |
| v. | § § CASE NO. A07CA 671 SS |
| | § § JURY TRIAL DEMANDED |
| ONESUITE CORPORATION | § § |
| Defendant. | § § |

## ORIGINAL COMPLAINT

Plaintiff MessageOne Inc. hereby files this its Original Complaint against Defendant OneSuite Corporation, and in support thereof would show the following:

### I.

### PARTIES

1. Plaintiff MessageOne, Inc. ("MessageOne" or "Plaintiff") is a Delaware corporation with its principal place of business at 11044 Research Blvd, Building C, Fifth Floor, Austin, TX 78759.

2. On information and belief, Defendant OneSuite Corporation ("OneSuite") is a Delaware corporation with its principal place of business at 615 S. Grand Avenue, Los Angeles, CA 90017. OneSuite is a foreign corporation conducting business in this State and in this District and which has not designated an agent for service of process in this State. On information and belief, pursuant to FED. R. CIV. P. 4(h)(1) and TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(a)(1), OneSuite may be served with process by serving the Texas Secretary of State, which is appointed OneSuite's agent for service of process pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b). OneSuite's agent

for service of process in California is Jim Chiu, 615 S. Grand Avenue, Los Angeles, CA 90017.

## II.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## III.

## BACKGROUND

5. Plaintiff MessageOne is a leading provider of e-mail-related services, including e-mail continuity solutions, and is headquartered in Austin, Texas. E-mail has become the most vital communications medium for business. Through its efforts, MessageOne has garnered a reputation for providing leading edge products and services designed to ensure continuity in e-mail communications in the event of an emergency by providing an alternative e-mail messaging system to its customers in the event of a primary e-mail system failure.

6. MessageOne is the owner of U.S. Trademark Registration No. 3,017,758 for MESSAGEONE for the following services: "Business management services relating to managing electronic messaging systems and applications for others"—in International Class 35; and "Computer services, namely, remote and on-site management of electronic messaging systems and applications for others"—in International Class 42. MessageOne also owns common law rights and associated goodwill in the MESSAGEONE mark

(collectively, the "Mark"). MessageOne has a priority date for the Mark at least as early as September 1996.

7. In or about the fall of 2005, MessageOne learned that Defendant OneSuite offered e-mail services under MessageOne's Mark, MESSAGEONE. OneSuite's use of the MESSAGEONE mark for e-mail related services directly conflicts with MessageOne's prior use of MESSAGEONE for its e-mail related services.

8. On October 28, 2005, MessageOne formally notified OneSuite of MessageOne's prior rights in the Mark. While asserting its superior rights under the Lanham Act and common law, MessageOne expressed a willingness to resolve the matter amicably. A true and correct copy of that correspondence is attached hereto as Exhibit 1. On November 3, 2005, counsel for OneSuite responded by stating that it was "considering this matter and [would] respond shortly."

9. MessageOne's federal trademark registration issued on November 22, 2005. Despite having knowledge of MessageOne's pending application for registration, OneSuite did not oppose the registration of the Mark. A true and correct record from the United States Patent & Trademark Office of MessageOne's registration is attached hereto as Exhibit 2.

10. Instead of ceasing the infringement of MessageOne's rights in the Mark upon being notified thereof, OneSuite and its counsel proceeded to file a competing application for federal registration for MESSAGEONE. That application was rejected by the U.S. Patent & Trademark Office in favor of MessageOne's registration. On February 2, 2007, OneSuite's application for federal registration was finally rejected by the U.S.

Patent & Trademark Office based on Section 2(d) of the Lanham Act, citing a likelihood of confusion with MessageOne's Mark.

11. In rejecting OneSuite's application for registration, the U.S. Patent & Trademark Office twice concluded that OneSuite was using an "identical" mark for "closely related" services. True and correct copies of Office Actions rejecting OneSuite's application for registration are attached hereto as Exhibits 3 and 4.

12. The parties continued to exchange correspondence. On December 1, 2006, OneSuite's counsel transmitted a letter to MessageOne asserting that MessageOne's date of first use as set forth in its application for registration was fraudulent, and threatening a cancellation proceeding against the registration. A true and correct copy of that correspondence is attached hereto as Exhibit 5.

13. On December 15, 2006, counsel for MessageOne furnished OneSuite with documentary evidence of its having acquired senior rights to the Mark. A true and correct copy of the associated Technology Assignment Agreement is attached hereto as Exhibit 6. On March 7, 2007, counsel for OneSuite responded to MessageOne's offer to resolve the matter by contesting MessageOne's senior rights in the mark and stating OneSuite's position that the matter was concluded.

14. On information and belief, OneSuite's infringement of the Mark continues unabated notwithstanding MessageOne's repeatedly putting OneSuite on notice of MessageOne's registration and its senior, dominant rights in the Mark.

15. As compelling evidence of likelihood of confusion, MessageOne has experienced numerous instances of actual confusion caused by OneSuite's improper use of the Mark.

4

IV.

## CLAIMS FOR RELIEF

### COUNT 1— TRADEMARK INFRINGEMENT
### UNDER THE LANHAM ACT

16. MessageOne repeats and realleges the allegations of Paragraphs 1-15 as if fully set forth herein.

17. OneSuite's use of MessageOne's registered trademark MESSAGEONE is likely to cause confusion, mistake and deception of the public as to the identity and origin of MessageOne's service, causing damages to MessageOne and irreparable harm to MessageOne for which there is no adequate remedy at law.

18. By reason of the foregoing acts, OneSuite is liable to MessageOne for trademark infringement under Section 32 of the Lanham Act ((the Trademark Act of 1946, as amended, 15 U.S.C. § 1114).

19. On information and belief, OneSuite' acts constitute willful and malicious infringement of MessageOne' rights.

20. MessageOne is entitled to recover its damages as well as the costs of this action, including its reasonable and necessary attorneys' fees and costs incurred herein.

21. MessageOne further seeks treble damages as provided by 15 U.S.C. § 1117(a).

22. The foregoing acts of OneSuite have caused MessageOne irreparable harm. Unless enjoined, OneSuite' acts as alleged herein will continue to cause MessageOne irreparable harm, loss and injury.

## COUNT 2— UNFAIR COMPETITION
## UNDER THE LANHAM ACT

23. MessageOne repeats and realleges the allegations of Paragraphs 1-22 as if fully set forth herein.

24. OneSuite' false designation of origin and false representations in commerce constitute unfair competition under section 43(a) of the Lanham Act (the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a)).

25. As a result of OneSuite' conduct and false designation and representations alleged herein, MessageOne has suffered and is likely to continue suffering substantial damages.

26. Further, OneSuite has profited from its wrongful acts. MessageOne is entitled to recover its damages as well as the costs of this action, including its reasonable and necessary attorneys' fees and costs incurred herein.

27. On information and belief, OneSuite' acts and/or omissions were committed with actual or constructive knowledge of their false and deceptive nature and constitute willful and malicious infringement of MessageOne' rights.

28. MessageOne is entitled to treble damages as provided by 15 U.S.C. § 1117(a) on the grounds that OneSuite' acts have been willful.

29. The foregoing acts of OneSuite have caused MessageOne irreparable harm. Unless enjoined, OneSuite' acts as alleged herein will continue to cause MessageOne irreparable harm, loss and injury.

6

### COUNT 3—COMMON LAW UNFAIR COMPETITION

30. MessageOne repeats and realleges the allegations of Paragraphs 1 through 29 as if fully set forth herein.

31. The foregoing acts of OneSuite constitute unfair competition, palming off, misappropriation of MessageOne' rights, all in violation of the common law of Texas.

32. MessageOne is entitled to recover its damages and losses suffered as a result of OneSuite' unfair competition, palming off, unjust enrichment and misappropriation.

33. OneSuite' unlawful acts also are of such a nature for which the law provides a remedy of exemplary damages, which MessageOne seeks in addition to its actual damages, losses and costs.

### COUNT 4—COMMON LAW UNJUST ENRICHMENT

34. MessageOne repeats and realleges the allegations of Paragraphs 1 through 33 as if fully set forth herein.

35. On information and belief, OneSuite has been unjustly enriched through the receipt of monies resulting from their false designation of origin and false representations to others.

36. As a result of the foregoing acts, OneSuite has unjustly enriched itself in an unknown amount, and MessageOne is entitled to just compensation under the common law of the State of Texas.

37. OneSuite' unlawful acts also are of such a nature for which the law provides a remedy of exemplary damages, which MessageOne seeks in addition to its actual damages, losses and costs.

### COUNT 5—ATTORNEYS' FEES

38. MessageOne seeks an award of its reasonable attorneys' fees and costs incurred in connection with this litigation.

### V.

### JURY DEMAND

39. MessageOne requests that a jury decide all fact issues so triable.

### VI.

### REQUEST FOR RELIEF

Wherefore, Plaintiff MessageOne requests the following relief:

(i) That Defendant OneSuite Corporation and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be permanently enjoined from:(a) using MessageOne's trademark depicted in Exhibit 2, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to MessageOne's trademark MESSAGEONE, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of MessageOne's goods or services or their connectedness to Defendant (the "Injunction").

(ii) That Defendant be required to file with the Court and serve on MessageOne within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

(iii) That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by MessageOne resulting from the acts alleged herein;

(iv)   That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to MessageOne for any and all profits derived by it from its illegal acts complained of herein;

(v)    That the Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe MessageOne's MESSAGEONE trademark rights, as well as all plates, matrices, graphics, and other means of making the same;

(vi)   That the Court declare this to be an exceptional case and award MessageOne its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

(vii)  That MessageOne be provided postjudgment interest;

(viii) That the Court grant MessageOne any other remedy to which it may be entitled, as provided for in 15 U.S.C. §§ 1116 and 1117 or under applicable law; and

(ix)   For such and other further relief that the Court deems just and proper.

Respectfully submitted,

**DINOVO PRICE ELLWANGER LLP**
P.O. Box 201690
Austin, Texas 78720-1690
Telephone: (512) 681-4012
Facsimile: (512) 628-3410

By: /s/ Andrew G. DiNovo
Andrew G. DiNovo
Texas Bar No. 00790594
Jay D. Ellwanger
Texas Bar No. 24036522

**ATTORNEYS FOR PLAINTIFF MESSAGEONE**